PER CURIAM.
The appellant, convicted of three counts of armed robbery, filed a rule 3.850 motion raising two claims. We find merit in the first claim which is not conclusively refuted by the trial court’s attachments. We affirm claim two without discussion.
In the first claim the appellant asserts that counsel acted ineffectively because he promised him he would receive a Youthful Offender sentence if he entered a plea, and advised him that the court would not impose a life or even a lengthy sentence because he was a juvenile when he committed the offenses, he did not have any prior felony convictions, he did not possess the firearm during the robberies, and there were more culpable persons involved. He states that if he had been properly advised that he could receive a lengthy sentence he would not have entered an open plea but would have proceeded to trial. The trial court concurrently imposed three sentences of 42.5 years’ imprisonment.
The trial court rejected this claim after finding the appellant was arguing that counsel failed to accurately advise him of the statutory maximum sentence he faced, and therefore Alcorn v. State, 121 So.3d 419 (Fla.2013), applied, and barred the claim. Alcorn applies when a defendant is claiming that counsel incorrectly advised him of the statutory maximum sentence he faced, causing him to reject a plea offer, and he later receives a harsher sentence than that which was offered. This is not the argument raised by the appellant in the instant motion.
The plea form attached by the trial coux*t does not conclusively refute the appellant’s assertions. See Rogers v. State, 510 So.2d 1230 (Fla. 1st DCA 1987) (discussing that when a motion is facially sufficient the trial court shall attach the portion of the record that conclusively refutes the defendant’s claim or shall hold an evi-dentiary hearing on it); Alfred v. State, 998 So.2d 1197 (Fla. 4th DCA 2009) (explaining that a thorough plea colloquy conducted by the trial court which accurately sets forth maximum penalties, and during which a defendant states he understands the maximum penalties and agrees that no one had promised or advised him he would receive a lesser or specific sentence, negates any argument of misadvice by counsel).
We, therefore, reverse and remand the first claim for the trial court to either attach portions of the record that conclusively refute the assertions, or hold an evidentiary hearing.
*1091 AFFIRMED in part, REVERSED and REMANDED in part.
LEWIS, WETHERELL, and MAKAR, JJ., concur.