CIKLIN, O.J.
Mario and Lendy Rodriguez (“the homeowners”) appeal a final judgment of foreclosure entered in favor of Wells Fargo-Bank, N.A. d/b/a America’s Servicing Company (“the bank”), contending that the bank failed to establish standing to foreclose. We agree and reverse.
The bank brought a.foreclosure action against the homeowners in 2(110 alleging it was “the holder of the Mortgage Note and Mortgage and/or is entitled to enforce the Mortgage Note and Mortgage.” The copy of the note attached to the complaint was not indorsed.
Prior to-trial, the bank filed the original note in the court registry, which contained an indorsement in blank. At trial, the testimony of the bank’s witness established that the bank was the servicer of the note and that the bank had possessed the original note since 2007. The trial court denied the homeowners’ motion for involuntary dismissal of the action based on the bank’s lack of standing and entered final judgment for the bank. ■
On appeal, the homeowners argue, that standing to foreclose was not demonstrated because the bank failed to prove that it had authority to pursue the action as the servicer of the note. The bank-counters that it demonstrated standing to foreclose through evidence that it possessed the note prior to the filing of the complaint.
“ “We review the sufficiency of the evidence to prove standing to bring a foreclosure action de novo,’” Tremblay v. U.S. Bank, N.A., 164 So.3d 85,86 (Fla. 4th DCA 2015) (quoting Lacombe v. Deutsche Bank Nat’l Trust Co., 149 So.3d 152, 153 (Fla. 1st DCA 2014)).
“A crucial element of any mortgage foreclosure proceeding is that the party seeking foreclosure must' demonstrate that it has standing to foreclose” at the time the complaint is filed. McLean v. JP Morgari Chase Bank Nat’l Ass’n, 79 So.3d 170, 173 (Fla. 4th DCA 2012). “‘[T]he person having standing to foreclose a note secured by a mortgage may be either the holder of the note or a nonholder in possession of the note who has the rights of a holder.’ ” Wells Fargo Bank, N.A. v. Morcom, 125 So.3d 320, 321 (Fla. 5th DCA 2013) (quoting Deutsche Bank Nat’l Trust Co. v. Lippi, 78 So.3d 81, 84 (Fla. 5th DCA 2012)).
“ ‘The Florida real party in interest rule, Fla. R. Civ. P. 1.210(a), permits an action to be prosecuted in the name of someone other than, but acting for, the real party in interest.’ ” Elston/Leetsdale, LLC v. CWCapital. Asset Mgmt. LLC, 87 So.3d 14, 17 (Fla. 4th DCA 2012) (quoting Mortg. Elec. Registration Sys., Inc. v. Azize, 965 So.2d 151, 153 (Fla. 2d DCA 2007)). A servicer that is not the holder of the note may have standing to commence a foreclosure action. on behalf of the real party in interest, but it must present evidence, such as an affidavit or a pooling and servicing - agreement, demonstrating that the- real party in interest granted the ser-vicer -authority to enforce the note. See id. (“[A]. servicer may be considered a party in interest to commence legal action as long as the trustee joins or ratifies its action.”) (emphasis omitted); see also Russell v. Aurora Loan Servs., LLC, 163 So.3d 639, 643 (Fla. 2d DCA 2015) (reversing final judgment of foreclosure where servi-cer failed to adduce evidence of predecessor’s authority to bring suit).
Because the bank was the servicer of the note and it brought the action in its *64 own name, it was required to prove that' it had authority to commence the foreclosure action. .Although the bank established that it possessed the note at the time the complaint was filed and it filed the original note indorsed in blank, the record does not demonstrate when the blank indorsement was placed on the note. The bank therefore failed to prove that it had standing as the holder of the note when -it commenced the action. Further, the bank failed to prove that it was a nonholder in possession of the note with the rights of a holder. The bank introduced no power of attorney, pooling and servicing agreement, or other evidence to show that the real party in interest authorized it to bring the action. Consequently, the bank failed to prove it had standing to enforce the note.
Pursuant to Florida Rule of Civil Procedure 1.420(b), “[ajfter a party seeking affirmative relief in an action tried by the court without a jury has completed the presentation of evidence, any other party may move for a' dismissal on the ground that on the facts and the law the party seeking affirmative relief has shown no right to relief.” Accordingly, the homeowners are entitled to an involuntary dismissal of the action, and we reverse and' remand for the trial court to enter such an order.
In light of our reversal, the remaining, issue raised by the homeowners is moot.

Reversed and remanded with instructions.

TAYLOR, J., concurs.
CONNER, J., concurs specially with opinion.