DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**YOSVANI ALFONSO,**
as Trustee for 19148 Revocable Trust Dated May 1, 2006, and
**ELBITA ALFONSO,**
as Trustee for 19148 Revocable Trust Dated May 1, 2006,
Appellants,

v.

**JPMORGAN CHASE BANK, N.A.,**
Appellee.

No. 4D13-4713

[January 20, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Kathleen Ireland, Senior Judge; L.T. Case No. CACE 10-34155 (11).

Craig A. Brand of The Brand Law Firm, P.A., Coconut Grove, for appellants.

William L. Grimsley of McGlinchey Stafford, Jacksonville, for appellee.

GERBER, J.

The defendants appeal from the circuit court's final judgment of foreclosure in the successor plaintiff's favor. The defendants primarily argue the court erred in finding that the successor plaintiff had standing at the time the original plaintiff filed the foreclosure action. We agree with the defendants' argument and reverse.

The original plaintiff filed a foreclosure complaint against the defendants. The original plaintiff alleged it was "the current owner of or has the right to enforce the Note and Mortgage." However, the original plaintiff attached to the complaint a copy of the note containing an endorsement from the original lender to the successor plaintiff. Despite that endorsement, the original plaintiff did not allege in what capacity it had the right to enforce the note and mortgage as the plaintiff in the action.

The court later granted the original plaintiff's motion to substitute the successor plaintiff in the action.

The defendants' answer alleged as an affirmative defense that the original plaintiff lacked standing to foreclose because, at the time the original plaintiff filed the action, the note attached to the complaint indicated that the successor plaintiff, and not the original plaintiff, was the note's assignee.

At the non-jury trial, the successor plaintiff introduced the original note into evidence. The successor plaintiff also called one of its employees as its trial witness. The witness testified that: the successor plaintiff acquired the note before the original plaintiff filed suit; the successor plaintiff maintained possession of the note until trial; and the original plaintiff was the loan's servicer until it was merged into the successor plaintiff after the action was filed. The witness did *not* testify that the original plaintiff had the authority to enforce the note on the successor plaintiff's behalf when the original plaintiff filed the foreclosure action.

The circuit court found that "the [successor plaintiff] has met [its] burden of proving the debt and the amount of the debt and *their standing at the time of the debt . . . .*" (emphasis added). The court then entered a final judgment of foreclosure in the successor plaintiff's favor.

This appeal followed. The defendants primarily argue the court erred in finding that the successor plaintiff had standing at the time the original plaintiff filed the foreclosure action. Our review is de novo. *See Lamb v. Nationstar Mortg., LLC,* 174 So. 3d 1039, 1040 (Fla. 4th DCA 2015) ("This court reviews the sufficiency of the evidence to prove standing to bring a foreclosure action *de novo.*") (citation omitted).

We agree with the defendants' argument. "A servicer that is not the holder of the note may have standing to commence a foreclosure action on behalf of the real party in interest, but [evidence must be presented] . . . demonstrating that the real party in interest granted the servicer authority to enforce the note." *Rodriguez v. Wells Fargo Bank, N.A.*, No. 4D14-100, 2015 WL 5948169, at *1 (Fla. 4th DCA Oct. 14, 2015) (citations omitted).

Here, the successor plaintiff, which was the real party in interest, failed to present any evidence demonstrating that it granted the original plaintiff/servicer the authority to enforce the note at the time the original plaintiff/servicer filed the foreclosure action. Thus, the successor plaintiff did not prove that the original plaintiff/servicer had standing to commence the foreclosure action. *See id.* at *2 (reversing final judgment of foreclosure

2

for servicer where servicer filed foreclosure action in its own name but introduced no evidence showing that the real party in interest authorized it to bring the action); *Assil v. Aurora Loan Servs., LLC,* 171 So. 3d 226, 229 (Fla. 4th DCA 2015) (reversing final judgment of foreclosure for servicer where the servicer "failed to provide sufficient proof that it was authorized at any time to prosecute the foreclosure action on behalf of [the note owner] . . . or was otherwise . . . entitled to enforce the Note at the time it filed the action").

Accordingly, we reverse the final judgment of foreclosure in the successor plaintiff's favor, and remand with instructions for the circuit court to enter an order of involuntary dismissal in the defendants' favor. *See Rodriguez,* 2015 WL 5948169, at *2 ("Accordingly, the homeowners are entitled to an involuntary dismissal of the action, and we reverse and remand for the trial court to enter such an order."); *Assil,* 171 So. 3d at 229 ("Accordingly, we reverse the final judgment of foreclosure and remand for the trial court to enter an order of involuntary dismissal."). The defendants' remaining argument on appeal is moot.

*Reversed and remanded for entry of involuntary dismissal.*

GROSS and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3