DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DARLENE ANGELINI** and **S. JOSEPH ANGELINI,**
Appellants,

v.

**HSBC BANK USA, N.A., AS TRUSTEE ON BEHALF OF ACE
SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2007-HE4,
ASSET BACKED PASS-THROUGH CERTIFICATES,**
Appellee.

No. 4D14-216

[February 10, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Kathleen Ireland, Senior Judge; L.T. Case No. CACE09017404.

Patrick Giunta of Patrick Giunta, P.A., Fort Lauderdale, for appellants.

Jeremy W. Harris, Khari E. Taustin, Masimba M. Mutamba, and Angela Barbarosa Wilborn of Morris, Laing, Evans, Brock & Kennedy, Chtd., West Palm Beach, for appellee.

FORST, J.

This is a foreclosure case in which the Appellants, Darlene and S. Joseph Angelini, argue that the Appellee ("the Bank") failed to prove standing. Because we agree, the trial court's decision must be reversed.

The Bank originally brought a lost note count along with its foreclosure count. The copy of the note attached to the complaint showed a different bank as the lender and bore no indorsements. The original note eventually introduced at trial (apparently after being found) had a blank indorsement. The Bank's witness was unable to testify when the indorsement was placed on the note. However, when asked to "testify who owned the note on the date the complaint was filed," he answered, "HSBC did."

"A crucial element in any mortgage foreclosure proceeding is that the party seeking foreclosure must demonstrate that it has standing to foreclose" when the complaint is filed. *McLean v. JP Morgan Chase Bank*

*Nat'l Ass'n,* 79 So. 3d 170, 173 (Fla. 4th DCA 2012). "[S]tanding may be established from the plaintiff's status as the note holder . . . ." *Id.* Although testimony can be sufficient to establish that a bank has standing to foreclose, the Bank here failed to introduce evidence that it *held* (through the possession of the blank-indorsed paper) the note, as opposed to merely *owned* the note, when the foreclosure complaint was filed. Because the Bank proceeded as the *holder* rather than as a *non-holder in possession,* this error proves fatal to its case.

As Judge Conner stated in his concurring opinion in *Rodriguez v. Wells Fargo Bank, N.A.,* 18 So. 3d 62 (Fla. 4th DCA 2015), "ownership . . . of the note is not the issue, with regards to standing, unless the note is not in bearer form or is payable to someone or some entity other than the plaintiff filing suit."[1] *Id.* at 67 (Conner, J., concurring) (emphasis omitted). We adopt Judge Conner's reasoning on this issue as our holding here. Put simply, a holder is not the same as an owner, and testimony as to identity of the latter is irrelevant to a determination of the former.

Because the Bank attempted to proceed as the holder of the note rather than as a non-holder in possession (a theory where the testimony regarding ownership may have been helpful to it), it was required to introduce evidence that it actually held the note at the time of filing. *McLean,* 79 So. 3d at 173. Instead, it simply introduced evidence that it was the owner. It would be perfectly consistent for the Bank to have been the owner of the note (the entity with an equitable interest) without being the holder (the entity in possession of a blank-indorsed note). Indeed, the Florida Statutes contemplate such a possibility. *See* § 673.3011, Fla. Stat. (2015); *Rodriguez,* 178 So. 3d at 67 (Conner, J., concurring). However, "ownership, assignment, or transfer of the note is important to the analysis of standing *only* when the plaintiff is a nonholder in possession of the note with the rights of a holder." *Id.* (emphasis added).

The Bank's testimony did not establish the *relevant* fact: that it held the note at the time the complaint was filed. Although the Bank clearly was the holder at the time it introduced the blank-indorsed note at trial, "[a] plaintiff's lack of standing at the inception of the case is not a defect that may be cured by the acquisition of standing after the case is filed and cannot be established retroactively by acquiring standing to file a lawsuit after the fact." *LaFrance v. U.S. Bank Nat'l Ass'n,* 141 So. 3d 754, 756 (Fla. 4th DCA 2014) (internal quotation marks omitted).

---

[1] The Bank's insistence that the note was blank-indorsed before the complaint was filed prevents us from applying the final clause of this sentence to this case.

For that reason, we reverse the decision below and remand for the entry of involuntary dismissal.

*Reversed.*

WARNER and TAYLOR, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***