IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DEUTSCHE BANK NATIONAL TRUST
COMPANY, ETC.,

        Appellant,

v.                                                          Case No.  5D15-143

ARI F. MARCIANO, ET AL.,

        Appellees.

_____/

Opinion filed April 8, 2016

Appeal from the Circuit Court
for Orange County, Charles N.
Prather, Senior Judge.

Michael W. Smith, of Baker, Donelson,
Bearman, Caldwell & Berkowitz, PC,
Orlando, for Appellant.

Robert A. Fox, of Fox & McAdams, PLLC,
Orlando, for Appellees.


PALMER, J.

     In this foreclosure matter, Deutsche Bank National Trust Company, the lender,

appeals the trial court's order entering final judgment in favor of the borrowers, Ari and

Nilda Marciano. The trial court held that the lender had failed to present sufficient

evidence as to standing.  Determining that the record contains sufficient evidence of

standing, we reverse.

The borrowers executed a promissory note in favor of American Brokers Conduit, with an accompanying mortgage. Thereafter, pursuant to the terms of a pooling and servicing agreement (PSA), the note was transferred into a trust, with the lender as trustee. The borrowers failed to pay the monthly installment due on April 1, 2008, and they made no further payments. Consequently, the lender filed this foreclosure action against the borrowers; the lender did not attach a copy of the note to the complaint. The borrowers answered and raised various affirmative defenses, including the defense that the lender lacked standing to foreclose. The lender subsequently filed the original note with the trial court; the note contained an undated indorsement in blank. The case proceeded to trial.

At trial, the only witness called by either party was Sally Torres, a senior litigation specialist employed by the current servicer of the subject loan, Ocwen Loan Servicing. Through Torres, the following documents were admitted into evidence: the original note, a copy of the mortgage, the PSA, a power of attorney authorizing Ocwen to service the borrowers' loan, the borrowers' payment history, and default letters.

 Of importance to this appeal, the parties to the PSA included: 1) American Home Mortgage Assets LCC (as depositor), 2) Wells Fargo Bank, N.A., (as Master Servicer and Securities Administrator), and 3) the lender (as trustee). The PSA evidenced a closing date which pre-dated the filing of the instant complaint. Also, the PSA contained a Master Loan Schedule (MLS) which "list[ed] . . . all the loans that [were] in the [pool or trust]." Torres identified the borrowers' loan in the MLS, and stated that the MLS showed that the lender had possession of the borrowers' note prior to the closing of the pool or trust. Moreover, section 2.01 of the PSA provided:

> The Depositor, as of the Closing Date, and concurrently with the execution and delivery hereof, does hereby assign, transfer, sell, set over and otherwise convey to the Trustee without recourse all the right, title and interest of the Depositor in and to the Mortgage Loans identified on the Mortgage Loan Scheduled . . . . In connection with such transfer and assignment, the Depositor has caused the Sponsor, with respect to each Mortgage Loan, to deliver to, and deposit to or at the direction of the Trustee, as described in the Mortgage Loan Purchase Agreement, with respect to each Mortgage loan, the following documents or instruments: . . . (a) the original Mortgage Note endorsed without recourse to the order of the Trustee or in blank . . . .

Upon review of the evidence, the trial court entered judgment in favor of the borrowers, concluding that the lender had not presented sufficient evidence as to its standing to foreclose upon the note.

The lender contends that the trial court erred in concluding that it lacked standing to foreclose because the PSA demonstrated that it had possession of the blank-indorsed note at the time the complaint was filed. We agree.

A "de novo standard of review applies when reviewing whether a party has standing to bring an action." Figueroa v. Fed. Nat.'l Mortg. Ass'n, 180 So. 3d 1110, 1115 (Fla. 5th DCA 2015). See also Gorel v. Bank of New York Mellon, 165 So. 3d 44, 46 (Fla. 5th DCA 2015).

"'A crucial element in any mortgage foreclosure proceeding is that the party seeking foreclosure must demonstrate that it has standing to foreclose, when the complaint is filed." Angelini v. HSBC Bank USA, N.A., 41 Fla. L. Weekly D370 (Fla. 4th DCA Feb. 10, 2016) (quoting McLean v. JP Morgan Chase Bank Nat.'l Ass'n, 79 So. 3d 170, 173 (Fla. 4th DCA 2012)). In Gonzalez v. BAC Home Loans Servicing, L.P., 180 So. 3d 1106 (Fla. 5th DCA 2015), we explained:

3

> The requirements for standing are provided in section 673.3011, Florida Statutes, (2009), as follows:
>
> The term "person entitled to enforce" an instrument means:
> (1) The holder of the instrument;
> (2) A nonholder in possession of the instrument who has the rights of a holder; or
> (3) A person not in possession of the instrument who is entitled to enforce the instrument pursuant to s. 673.3091 or s. 673.4181(4).

Id. at 1108. A lender may prove its status as holder by introducing evidence that it had possession of the original note, bearing a blank indorsement, at the time the foreclosure complaint was filed. Angelini, 41 Fla. L. Weekly D370.

Relying on the MLS, Torres testified that the subject note became a trust asset prior to the trust's closing, which pre-dated the filing of the complaint. Section 2.01 of the PSA, in turn, provides that "the Depositor has caused the Sponsor, with respect to each Mortgage Loan, . . . to deliver . . . [to] the Trustee the original Mortgage Note endorsed without recourse to the order of the Trustee or in blank." Thus, the lender presented sufficient evidence that it had possession of the blank-indorsed note prior to the filing of the complaint and, therefore, had standing to foreclose.[1] Decisions from courts outside of Florida are consistent with our holding. See, e.g., Deutsche Bank Nat.'l Tr. Co. v. Pietranico, 928 N.Y.S. 2d 818, 823 (Sup. Ct. 2011) (relying on comparable PSA provision in holding that the lender proved its standing to foreclose), aff'd, 102

---

[1] We have not overlooked our decision in Schmidt v. Deutsche Bank, 170 So. 3d 938, 940 (Fla. 5th DCA 2015) or the Fourth District's recent decision in Lewis v. U.S. Bank Nat.'l Ass'n, No. 4D14-815 (Fla. 4th DCA Mar. 9, 2016). In each case, the court determined that the lender failed to prove standing despite the admission of a PSA. Lewis; Schmidt. However, neither decision discussed any particular provisions of the respective PSAs. Our independent research has found no Florida decision discussing comparable language in a PSA within the context of a lender's standing to foreclose.

A.D.3d 724, 957 N.Y.S.2d 868 (2013); <u>accord</u> <u>OneWest Bank, F.S.B. v. Jacobs</u>, 333 P.

3d 979, 981 (Okla. Civ. App. 2014).

REVERSED and REMANDED.

LAWSON, C.J. and SAWAYA, JJ., concur.