IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DEUTSCHE BANK NATIONAL
TRUST COMPANY, ETC.,

      Appellant,

v.

ALAQUA PROPERTY, ETC., ET AL.,

      Appellees.

_____/

Case No. 5D14-4326

Opinion filed April 22, 2016

Appeal from the Circuit Court
for Seminole County,
Robert J. Pleus, Jr., Senior Judge.

Michael W. Smith, of Baker, Donelson,
Bearman, Caldwell & Berkowitz, P.C.,
Orlando, for Appellant.

John H. Bill, Michael S. Kraynick, and
Janet M. Lower, of Godbold, Downing, Bill
& Rentz, P.A., Winter Park, for Appellee,
Jared F. Martinez.

No Appearance for Appellee, Susan
Freeman-Martinez.

No Appearance for Appellee, Alaqua
Property Owners Association, Inc.


LAMBERT, J.

      The issue that we address in this mortgage foreclosure appeal is whether a party

seeking to admit a promissory note into evidence at trial must establish that the note is

a business record under the business records exception to the hearsay rule. Because we conclude that the promissory note is not hearsay, our answer to this question is no. Accordingly, we reverse the final judgment on appeal.

Appellant, Deutsche Bank National Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 20061A7 ("Bank"), sued Jared Martinez, Susan Freeman-Martinez, and Alaqua Property Owners Association, Inc., ("Appellees") to foreclose on the note and mortgage executed by Mr. and Mrs. Martinez and attached to its complaint a copy of both documents.[1] Bank was not the original lender; however, the copy of the note attached to the complaint contained three indorsements, including one reflecting that the note was specifically indorsed to Bank. Sometime thereafter, Bank filed the original note with the Clerk of the Circuit Court. The original note had the same indorsements as the copy of the note attached to the complaint. At this point, absent conflicting evidence at trial, Bank had established standing to file suit and its entitlement to enforce the note. *See* § 673.3011(1), Fla. Stat. (2014) (stating a person entitled to enforce an instrument includes the holder of the instrument). The definition of the term "holder" of an instrument includes the "person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession . . ." § 671.201(21)(a), Fla. Stat. (2014); *see also Deutsche Bank Nat'l Trust Co. v. Clarke*, 87 So. 3d 58, 61 (Fla. 4th DCA 2012) ("[P]ossession of the original note is a significant

---

[1] Two of the Appellees, Susan Freeman-Martinez and Alaqua Property, have not filed an appearance in this appeal.

fact in deciding whether the possessor is entitled to enforce its terms." (citing *Riggs v. Aurora Loan Servs., LLC.,* 36 So. 3d 932, 933 (Fla. 4th DCA 2010))).

Two years later, the case proceeded to trial. Bank called one witness at trial, a senior loan analyst employed by the current servicer of the loan. Bank, as it was obligated to do, sought to admit the note into evidence. *See Boumarate v. HSBC Bank USA, N.A.*, 172 So. 3d 535, 536 (Fla. 5th DCA 2015) ("A plaintiff seeking to foreclose a mortgage must tender the original promissory note to the trial court . . . ."). Appellees objected, arguing that the note was hearsay and could be admitted into evidence only if Bank could establish that the note was a business record under the business records exception to the hearsay rule.[2] The trial court agreed and provided Bank's trial counsel with the opportunity to establish that the note was a business record of the original lender. Counsel attempted to comply with the court's ruling and, after failing to do so, argued that the note should be admitted into evidence, notwithstanding the business records exception. The court sustained Appellees' hearsay objection, which precluded the note from being entered into evidence. After Bank had rested its case, the court

---

[2] The rule commonly known as the business records exception allows parties to admit into evidence records of regularly conducted business activity, including any "memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinion, or diagnosis, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity and if it was the regular practice of that business activity to make such memorandum, report, record, or data compilation . . . ." § 90.803(6)(a), Fla. Stat. (2014).

In specific response to the trial court's inquiry, Appellees' trial counsel suggested that Bank needed to call the records custodian of the original lender as a witness to admit the note.

3

granted Appellees' motion for involuntary dismissal and entered final judgment in favor of Appellees. This appeal followed.

"The standard of review of a trial court's decision on the admissibility of evidence is generally an abuse of discretion standard. However, the question of whether evidence falls within the statutory definition of hearsay is a matter of law, subject to *de novo* review." *Burkey v. State*, 922 So. 2d 1033, 1035 (Fla. 4th DCA 2006) (citing *K.V. v. State*, 832 So. 2d 264, 265–66 (Fla. 4th DCA 2002)).

Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." § 90.801(1)(c), Fla. Stat. (2014). Thus, if the promissory note is a statement that is *not* being offered in evidence to prove the truth of the matter asserted, it would not be hearsay. Interestingly, it does not appear that any appellate court in Florida has directly addressed the issue, here, of whether a promissory note is a nonhearsay document. However, a number of other courts, as well as commentators, have concluded that a promissory note is not hearsay. *See, e.g.*, *Kepner-Tregoe, Inc. v. Leadership Software, Inc.*, 12 F.3d 527, 540 (5th Cir. 1994) ("Signed instruments such as wills, contracts, and promissory notes are writings that have independent legal significance, and are nonhearsay." (quoting Thomas A. Mauet, *Fundamentals of Trial Techniques* 180 (2d ed. 1988))); *In re Vargas*, 396 B.R. 511, 519 (Bankr. C.D. Cal. 2008) (stating a promissory "note itself is not hearsay, and thus is not subject to the hearsay rule"); *Remington Invs., Inc. v. Hamedani*, 64 Cal. Rptr. 2d 376, 382 (Cal. Ct. App. 1997) ("The Promissory Note document itself is not a business record as that term is used in the law of hearsay, but rather is an operative contractual document

4

admissible merely upon adequate evidence of authenticity."); *Cadle Co. v. Errato*, 802 A.2d 887, 894 (Conn. App. Ct. 2002) ("The business record exception to the hearsay rule does not apply to the introduction into evidence of a promissory note being sued on . . . ." (citation omitted)); *Rockwall Commons Assocs., Ltd. v. MRC Mortg. Grantor Tr. I*, 331 S.W.3d 500, 511 (Tex. App. 2010) (admitting mortgage note because, as a contract, it has "legal effect independent of the truth of any statements contained therein and is not hearsay" (citations omitted)); *Bank of Am. NA v. Neis*, 835 N.W.2d 527, 541 (Wis. Ct. App. 2013) (finding promissory notes "are not hearsay when they are offered only for their legal effect, not 'to prove the truth of the matter asserted'"); 4 Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 8:18 (4th ed. 2015) ("When [the words of a contract] are offered to prove a . . . transaction, the concerns underlying the hearsay doctrine are thought to disappear. The words are 'verbal acts' in the sense that they have legal significance independent of their assertive quality . . . ."); David F. Binder, *Hearsay Handbook* § 2:6 (4th ed. 2015) ("A *written contract* has independent legal significance. It defines the rights and obligations of the parties thereto, regardless of the truth of any assertions made in the document. Therefore, it is not hearsay." (citations omitted)); 2 Robert P. Mosteller et al., *McCormick on Evidence* § 249 (Kenneth S. Broun ed., 7th ed. 2013) ("When a suit is brought for breach of a written contract, no one would think to object that a writing offered as evidence of the contract is hearsay." (footnote omitted)).

We agree with these authorities. We, therefore, hold that the promissory note is not hearsay and is admissible for its independent legal significance—to establish the existence of the contractual relationship and the rights and obligations of the parties to

the note, regardless of the truth of any assertions made in the document.[3] Accordingly, Bank was not obligated to establish that the note qualified as a business record under the business records exception to the hearsay rule, and the trial court erred when it sustained Appellees' hearsay objection and did not admit the note into evidence. Thus, we reverse the final judgment and remand for a new trial. *See* § 90.104(1), Fla. Stat. (2014) ("[A] court may . . . set aside or reverse a judgment, or grant a new trial on the basis of admitted or excluded evidence when a substantial right of the party is adversely affected . . . .").

REVERSED and REMANDED for a new trial.

SAWAYA and COHEN, JJ., concur.

---

[3] We have considered and rejected Appellee, Jared Martinez's, argument that Bank has not preserved this issue for appellate review.