GERBER, J.
The borrower appeals from the trial court’s final judgment of foreclosure in the bank’s favor. The borrower argues the evidence was insufficient to establish the bank’s standing as the owner or holder of the borrower’s note at the time the bank filed the original complaint. We disagree with the borrower’s argument and affirm.
We write to distinguish this case from Lewis v. U.S. Bank Nat’l Ass’n, 188 So.3d 46 (Fla. 4th DCA 2016), where we held, without a detailed explanation, that a bank’s reliance on a pooling and servicing agreement was insufficient to establish the bank’s standing to bring suit at the time the suit was filed. Our review of Lems indicates that the bank in that case could not prove that the pooling and servicing agreement at issue included the note at issue. Here, however, the bank’s pre-com-plaint pooling and servicing agreement and corresponding mortgage loan schedule expressly indicated that the agreement included the borrower’s loan in this case. That evidence, plus the other evidence in this case, was sufficient to establish the bank’s standing as the owner or holder of the borrower’s note at the time the bank filed the original complaint.
We present this opinion in three parts:
1. the procedural history;
2. the evidentiary basis for our decision; and
3. why this case is distinguishable from Lewis.

1. Procedural History

In 2005, the borrower executed and delivered a note and mortgage to the original lender.
In 2009, the borrower defaulted on the loan. Shortly thereafter, the bank filed its foreclosure complaint against the borrower. In its complaint, the bank alleged that it owns and holds the note and mortgage. However, the copy of the note which the bank attached to the complaint remained payable to the original lender, and did not contain any endorsements.
In 2014, the bank filed a verified amended complaint. The bank alleged it “is the holder of the Note and entitled to enforce the terms thereof as [the bank] is in possession of the original Note endorsed in blank.” Attached to the verified amended complaint was an allonge containing the original lender’s undated blank endorsement of the note.
The borrower filed an answer alleging the affirmative defense of lack of standing.
At trial, the bank presented the testimony of its servicer’s loan analyst. The analyst testified that in 2005, the borrower’s loan was transferred to the bank’s trust. In 2006, the servicer began servicing the borrower’s loan on the trust’s behalf. The servicer sent a welcome letter to the borrower, advising the borrower to direct payments to the servicer. The bank moved the welcome letter into evidence without objection.
The analyst then identified the trust’s pooling and servicing agreement and corresponding mortgage loan schedule. The bank moved both of those documents into evidence without objection. The analyst explained that the trust’s pooling and servicing agreement, entered into in 2005, “houses [the borrower’s loan] within the trust,” and the mortgage loan schedule listed the loans maintained in the trust, *693 including the borrower’s loan. The analyst further testified that the bank, as trastee, was the plaintiff in this action, and that a limited power of attorney from the bank as trustee allowed the servicer to act on the trust’s behalf. The bank moved the limited power of attorney into evidence over the borrower’s objection.
The analyst next identified the allonge containing the original lender’s undated blank endorsement of the note. The analyst did not know the date when the original lender endorsed the allonge. The bank moved the note and the allonge into evidence over the borrower’s objection.
The bank next moved the default letter and the complete loan payment history into evidence without objection. The loan payment history showed that the servicer began receiving the borrower’s payments from 2006 until the borrower defaulted on the note.
After the parties rested, the borrower argued the bank failed to prove standing, because the note attached to the original complaint was not endorsed, the later-filed blank-endorsed allonge was undated, and the bank’s witness did not know when the allonge was created.
The trial court entered its final judgment of foreclosure in the bank’s favor,
This appeal followed. The borrower argues the evidence was insufficient to establish the bank’s standing as the owner or holder of the borrower’s note at the time the bank filed the original complaint. Our review is de novo. See Caraccia v. U.S. Bank, Nat. Ass’n, 185 So.3d 1277, 1278 (Fla. 4th DCA 2016) (appellate court reviews the sufficiency of the evidence to prove standing to bring a foreclosure action de novo.).

2. The Evidentiary Basis for Our Decision

We conclude the borrower’s argument lacks merit. We recognize that the note attached to the original complaint was not endorsed, the later-filed blank-endorsed allonge was undated, and the bank’s witness did not know when the allonge was created. However, the bank’s other evidence established that the bank was the owner or holder of the note before it filed the original complaint, and thus had standing to foreclose. The analyst testified that in 2005, the borrower’s loan was transferred to the bank’s trust, and in 2006, the servicer began servicing the borrower’s loan on the trust’s behalf. The bank also moved into evidence, without objection, the 2005 pooling and servicing agreement identifying the bank as trustee, and the corresponding mortgage loan schedule listing the loans maintained in the trust, including the borrower’s loan.
We emphasize in more detail the terms of the pooling and servicing agreement. The pooling and servicing agreement stated, in pertinent part: “The parties hereto intend to effect an absolute sale and assignment of the Mortgage Loans to the Trustee for the benefit of Certificatehold-ers under this Agreement.” Additionally, section 2.01 of the pooling and servicing agreement, titled “Conveyance of Trust Fund,” stated in pertinent part:
(a) The Depositor hereby sells, transfers, assigns, delivers, sets over and otherwise conveys to the Trustee in trust for the benefit of the Certificateholders, without recourse, the Depositor’s right, title and interest in and to ... the Mortgage Loans listed in the Mortgage Loan Schedule....
(b) In connection with the transfer and assignment set forth in clause (a) above, the Depositor has delivered or caused to be delivered to the Custodian *694 for the benefit of the Certificateholders, the documents and instruments with respect to each Mortgage Loan as assigned: ... the original Mortgage Note bearing all intervening endorsements and including any riders to the Mortgage Note, endorsed “Pay to the order of _, without recourse” and signed in the name of the last named endorsee by an authorized officer.
We conclude that the pooling and servicing agreement’s terms and corresponding mortgage loan schedule identifying the borrower’s loan at issue, along with the other evidence presented through the analyst, was sufficient to demonstrate that the bank was the owner or holder of the borrower’s note at the time the bank filed the original complaint.

3. Why This Case is Distinguishable from Lems

In Lewis v. U.S. Bank Nat’l Ass’n, 188 So.3d 46 (Fla. 4th DCA 2016), a one-paragraph opinion, we stated:
In 2008, appellee bank filed a foreclosure action and included a count seeking to reestablish a lost note. No copy of the original note was attached to the complaint. The case went to trial in 2014. The endorsements on an allonge to the note were undated and the bank’s witness could not testify when the endorsements were placed on the allonge. The bank’s reliance on a pooling and servicing agreement was insufficient to establish the bank’s standing to bring suit at the time the suit was filed.
Id. at 47 (emphasis added; citations omitted).
Our review of Lewis indicates that the bank in that case could not prove that the pooling and servicing agreement at issue included the note at issue. Here, however, the 2005 pooling and servicing agreement identified the bank as trustee, and the corresponding mortgage loan schedule listed the loans maintained in the trust, including the borrower’s loan.
We are not the first Florida court to reassess the possible evidentiary weight of a pooling and servicing agreement. In Deutsche Bank Nat’l Trust Co. v. Marciano, 190 So.3d 166 (Fla. 5th DCA 2016), the Fifth District found that a similar section 2.01 of a pooling and servicing agreement was sufficient to establish that the plaintiff possessed the borrower’s promissory note at the time it filed the foreclosure action. We examine Marciano in more detail.
In Marciano, the plaintiff did not attach a copy of the note to its foreclosure complaint. Id. at 167. The plaintiff later filed the original note containing an undated blank endorsement. Id. At trial, the plaintiff moved into evidence a pooling and servicing agreement containing a closing date which pre-dated the complaint. Id. The plaintiff also presented its loan servi-cer’s testimony that the pooling and servicing agreement’s corresponding master loan schedule showed that the plaintiff possessed the borrowers’ note before the pooling and servicing agreement’s closing date. Id. Despite this evidence, the trial court concluded that the plaintiff lacked standing to foreclose. Id. at 167-68.
The Fifth District reversed. Our sister court concluded that the plaintiff had standing to foreclose, as the pooling and servicing agreement demonstrated that the plaintiff possessed the blank-endorsed note at the time the complaint was filed. Id. at 168. Section 2.01 of the pooling and servicing agreement provided:
The Depositor, as of the Closing Date, and concurrently with the execution and delivery hereof, does hereby assign, transfer, sell, set over and otherwise convey to the Trustee without recourse all the right, title and interest of the *695 Depositor in and to the Mortgage Loans identified on the Mortgage Loan Schedule[ ] .... In connection with such transfer and assignment, the Depositor has caused the Sponsor, with respect to each Mortgage Loan, to deliver to, and deposit to or at the direction of the Trustee, as described in the Mortgage Loan Purchase Agreement, with respect to each Mortgage loan, the following documents or instruments: ... (a) the original Mortgage Note endorsed without recourse to the order of the Trustee or in blank....
Id. at 167.
Significantly, the Fifth District also noted:
We have not overlooked our decision in Schmidt v. Deutsche Bank, 170 So.3d 938, 940 (Fla. 5th DCA 2015), or the Fourth District’s recent decision in Lewis v. U.S. Bank Nat’l Ass’n, 188 So.3d 46 (Fla. 4th DCA 2016). In each case, the court determined that the lender failed to prove standing despite the admission of a [pooling and servicing agreement]. However, neither decision discussed any particular provisions of the respective [pooling and servicing agreements]. Our independent research has found no Florida decision discussing comparable language in a [pooling and servicing agreement] within the context of a lender’s standing to foreclose.
Id. at 168 n. 1 (emphasis added; other internal citations omitted). Our decision today, following Marciano, appears to be the second Florida decision now discussing language in a pooling and servicing agreement which supports an evidentiary basis for a lender’s standing to foreclose.

Conclusion

In sum, the pooling and servicing agreement’s terms, along with its corresponding mortgage loan schedule and the other evidence presented through the analyst, was sufficient to demonstrate that the bank was the owner or holder of the note at the time it filed the original complaint. Therefore, we affirm.

Affirmed.

WARNER and CONNER, JJ., concur.