DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JUSTIN FRIEDLE** and **SANDRA FRIEDLE,**
Appellants,

v.

**THE BANK OF NEW YORK MELLON,** f/k/a THE BANK OF NEW YORK,
as successor-in-interest to JPMORGAN CHASE BANK, N.A., as trustee
for STRUCTURED ASSET MORTGAGE INVESTMENTS II INC., BEAR
STEARNS ALT-A TRUST, MORTGAGE PASSTHROUGH CERTIFICATES,
SERIES 2005-10,
Appellee.

No. 4D15-1750

[September 27, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Kathleen D. Ireland, Judge; L.T. Case No. CACE12-32115.

Thomas Erskine Ice of Ice Appellate, Royal Palm Beach, for appellants.

William L. Grimsley and N. Mark New, II of McGlinchey Stafford, Jacksonville, for appellee.

William P. Keller of Akerman LLP, Fort Lauderdale, and Nancy M. Wallace of Akerman LLP, Tallahassee, for Amicus Curiae Mortgage Bankers Association.

***ON MOTION FOR REHEARING***

WARNER, J.

We grant the motions for rehearing and clarification filed by appellee and amicus, withdraw the opinion, and substitute the following opinion in its place.

Appellants challenge a final judgment of foreclosure, contending that the Bank failed to prove standing. Because the appellee did not prove that

the Bank had possession of the note and was thus a holder at the time of the filing of the complaint, we reverse.

The standard of review in determining whether a party has standing to bring an action is de novo. *Boyd v. Wells Fargo Bank, N.A.*, 143 So. 3d 1128, 1129 (Fla. 4th DCA 2014). To prove standing in a mortgage foreclosure case, the plaintiff must prove its status as a holder of the note at the time of the filing of the complaint as well as at trial. *See Rigby v. Wells Fargo Bank, N.A.*, 84 So. 3d 1195 (Fla. 4th DCA 2012). In this case, the foreclosing bank's witness could not testify that the Bank had possession of the note prior to filing the complaint. The Bank conceded that it presented no testimony that its present servicer or its prior servicer had possession of the note at the inception of the foreclosure action.

At trial, the Bank attempted to prove possession of the note through a Pooling and Service Agreement ("PSA"). That document purports to show the transfer of the mortgage loan to the Bank as trustee. Appellant objected to the admission of this evidence, which the court allowed on the ground that it was self-authenticating under section 90.902, Florida Statutes (2016). While it was certified by the Securities and Exchange Commission ("SEC") as being filed with that agency, and thus was self-authenticating, there is a difference between authentication and admissibility. Charles Ehrhardt explains the difference:

> Documents must be authenticated before they are admissible evidence . . . . Even after a document is authenticated, it will not be admitted if another exclusionary rule is applicable. For example, when a document is hearsay, it is inadmissible even if it has been properly authenticated.

Charles W. Ehrhardt, *Florida Evidence* § 902.1 (2017 ed.). Here, the PSA purportedly establishes a trust of pooled mortgages, but this particular mortgage was not referenced in the documents filed with the SEC. Appellant objected that the document was hearsay, as none of the exceptions to the hearsay rule were established. The Bank did not present sufficient evidence through its witness to admit this unsigned document as its business record. While the witness testified that a mortgage loan schedule, which listed the subject mortgage, was part of the Bank's business records, the mortgage loan schedule itself does not purport to show that the actual loan was physically transferred. And it is clear from the testimony that the witness had no knowledge of the workings of the PSA or MLS, nor did any other document or testimony show that the note was transferred to the Bank in accordance with the terms of the PSA.

2

Therefore, the evidence *in this case* does not establish that *this* mortgage note was within the possession of the Bank as Trustee at the time suit was filed.[1]

In its answer brief, the Bank also relies on *Ortiz v. PNC Bank, National Ass'n,* 188 So. 3d 923 (Fla. 4th DCA 2016), to support the court's rulings under a tipsy coachman analysis. In *Ortiz,* we created a presumption of standing if the note attached to the complaint was the same as the note introduced at trial. We said:

> [I]f the Bank later files with the court the original note *in the same condition* as the copy attached to the complaint, then we agree that the combination of such evidence is sufficient to establish that the Bank had actual possession of the note at the time the complaint was filed and, therefore, had standing to bring the foreclosure action, absent any testimony or evidence to the contrary.

*Id.* at 925 (emphasis added). Here, the note attached to the complaint was not *in the same condition* as the original note introduced at trial, as pointed out by the appellants in their reply brief. Although the differences may seem minor, *Ortiz* infers possession at the time of filing suit where the copy attached to the complaint and the original are *the same,* as the copy must have been made from the original note *at the time* that the complaint was filed, without evidence to the contrary. Where the copy differs from the original, the copy could have been made at a significantly earlier time and does not carry the same inference of possession at the filing of the complaint. In this case, as *Ortiz* had not been decided at the time of the trial, no effort was made to explain the discrepancies in the condition of the note attached to the complaint or the original introduced into evidence. Thus, reliance on *Ortiz* under a tipsy coachman analysis is not appropriate on the record made in this case. Although appellate courts generally apply the law in effect at the time of the appellate court's decision, *Florida East Coast Railway Co. v. Rouse,* 194 So. 2d 260, 262 (Fla. 1966), the record must be sufficiently developed to support an alternative theory for affirmance. *See State Farm Fire and Casualty Co v. Levine,* 837 So. 2d 363

---

[1] We have held in past cases that the PSA together with a mortgage loan schedule are sufficient to prove standing, but in those cases the witness offering the evidence appears to have been able to testify to the relationship of the various documents and their workings, or that the documents were admitted into evidence without objection. *See, e.g., Boulous v. U.S. Bank Nat'l Ass'n.,* 210 So. 3d 691 (Fla. 4th DCA 2016).

(Fla. 2002) (ruling that the court could not affirm a decision based on an alternative legal theory where the alternate ground had not been developed in the record, stating "The key to applying the tipsy coachman doctrine, permitting a reviewing court to affirm a decision from a lower tribunal that reaches the right result for the wrong reasons, is that the record before the trial court must support the alternative theory or principle of law.").

Because the Bank failed to prove its standing at the filing of suit, the court erred in entering the final judgment of foreclosure. We reverse and remand for vacation of the final judgment and entry of an involuntary dismissal of the complaint.

TAYLOR and LEVINE, JJ., concur.

4