DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BARRY KRONEN** and
**MICHELLE KRONEN,** a/k/a **MICHELE KRONEN,**
Appellants,

v.

**DEUTSCHE BANK NATIONAL TRUST COMPANY,** as trustee for WAMU
pass-through Certificates, Series 2006-AR3, **WINDMILL RANCH
ESTATES MAINTENANCE ASSOCIATION, INC.,** a/k/a **BETA
MAINTENANCE ASSOCIATION, INC., THE TOWN FOUNDATION, INC.,**
and **SABADELL UNITED BANK,**
Appellees.

No. 4D18-1137

[April 3, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit,
Broward County; Barry J. Stone, Senior Judge; L.T. Case No. CACE15-
005265.

Bruce K. Herman of The Herman Law Group, P.A., Fort Lauderdale, for
appellants.

Sara T. Weitz of Weitz & Schwartz, P.A., Fort Lauderdale, for appellee
Deutsche Bank National Trust Company.

WARNER, J.

In entering final judgment of foreclosure, the trial court found that the
appellee had proved standing, relying on the presumption created in *Ortiz
v. PNC Bank, National Ass'n,* 188 So. 3d 923, 925 (Fla. 4th DCA 2016). We
affirm, as we agree that the presumption applies and write to distinguish
this case from *Friedle v. Bank of New York Mellon,* 226 So. 3d 976 (Fla. 4th
DCA 2017).

Under *Ortiz,* if the lender "files with the court the original note in the
same condition as the copy attached to the complaint, then . . . such
evidence is sufficient to" show that the lender actually possessed the note
when it filed the complaint, and thus, had standing to bring the foreclosure

action.  *Ortiz*, 188 So. 3d at 925.  However, if there is any evidence or testimony to the contrary, additional proof may be required to show standing.  *Id.* n.2.  Here, the trial court held that the appellee had proved its standing because the note attached to the complaint was the same as the note introduced at trial.  Although the loan number at the top of the copy of the note was redacted, this was for filing purposes.  Thus, the presumption established in *Ortiz* applied.

In *Friedle*, we held that the bank had not proved standing under *Ortiz* because the copy of the promissory note was not in the same condition as the original note introduced at trial, even where those differences were minor but unexplained.  *Friedle*, 226 So. 3d at 978-79.  We noted that *Ortiz* had not been decided at the time of the trial in *Friedle*, so there was no explanation of the differences between the copy of the note filed with the complaint and the original introduced at trial.  *Id.* at 979.

Because both *Ortiz* and *Friedle* were decided at the time of the trial in this case, the court addressed the discrepancy, and it noted that the only difference between the copy of the note attached to the complaint and the original note was the redaction of the loan numbers at the top of the instrument.  Redaction of loan numbers is required upon filing by Florida Rule of Judicial Administration 2.425(a)(4)(I).  Although the rule requires the redaction of only the last four numbers, we see no issue with the application of the *Ortiz* presumption when more of the loan numbers are redacted.  Here, the court viewed both the electronically filed copy attached to the complaint and the original note presented at trial, and it concluded that only the loan number was redacted, as required for filing.  Thus, there was an explanation of the difference between the copy and the original.  Other than the redaction, the original note was in the same condition as the copy attached to the complaint, and such evidence was sufficient to invoke the *Ortiz* presumption.  Because the appellant offered no evidence to rebut the presumption, the court could rely on it to determine that appellee had proved standing to foreclose the mortgage.[1]

We affirm as to all other issues raised.

---

[1] The court also relied on the Pooling and Service Agreement, by which the appellee acquired the loan, which was properly admitted into evidence and included the appellants' loan among those assets transferred into the trust.  *See Bolous v. U.S. Bank Nat'l Ass'n*, 210 So. 3d 691, 693-94 (Fla. 4th DCA 2016) (finding Bank had standing to bring foreclosure action where the subject PSA was moved into evidence without objection; the PSA identified the Bank as the trustee, and the corresponding mortgage loan schedule listed the appellant's loan).

GROSS, J., and WEISS, DALIAH, Associate Judge, concur.

\*       \*       \*

*Not final until disposition of timely filed motion for rehearing.*