IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

U.S. BANK NATIONAL ASSOCIATION
AS TRUSTEE FOR RAMP 2006EFC2,

      Appellant,

v.

                                           Case No.  5D21-2528
                                           LT Case No. 2008-CA-002727

KENNETH BELL, SR., AND ALENA BELL,

      Appellees.

_____/

Opinion filed January 27, 2023

Appeal from the Circuit Court
for Flagler County,
Terence R. Perkins, Judge.

Kimberly S. Mello and Arda Goker, of
Greenberg Traurig, P.A., Orlando, for
Appellant.

Patricia K. Herman, of Law Office of
Patricia K. Herman, P.A., Apopka, for
Appellee.


LAMBERT, C.J.

U.S. Bank National Association, as Trustee for RAMP 2006EFC2, ("Trustee") appeals the final judgment entered against it and in favor of the appellees—Kenneth Bell, Sr., and Alena Bell ("Borrowers")—after a nonjury trial on its mortgage foreclosure action. The trial court found that Trustee had failed to establish that it had standing to foreclose on the date when it filed the complaint.

Trustee raises several arguments here for reversal, including that the trial court erred by excluding from evidence a Pooling and Servicing Agreement ("PSA") based on Borrowers' hearsay objection. Trustee argues that, due to its independent legal significance, the PSA was admissible as a non-hearsay document. We agree with Trustee.[1]

ANALYSIS—

In a foreclosure proceeding, it is axiomatic that the party seeking to foreclose must demonstrate that it has standing. *McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 173 (Fla. 4th DCA 2012). "Standing," which means that the person bringing suit must have "a sufficient stake in an otherwise justiciable controversy" such that the person can "obtain judicial resolution of that controversy," *see C.H. v. Adoption of N.K.*, 322 So. 3d 177,

---

[1] Based upon our decision today, we find it unnecessary to address Trustee's remaining arguments.

2

180 (Fla. 2d DCA 2021) (quoting *Jamlynn Invs. Corp. v. San Marco Residences of Marco Condo. Ass'n*, 544 So. 2d 1080, 1082 (Fla. 2d DCA 1989)), must be established when the complaint was filed, as well as at the time of trial. *See Bowmar v. SunTrust Mortg., Inc.*, 188 So. 3d 986, 988 (Fla. 5th DCA 2016) (citing *Pennington v. Ocwen Loan Servicing, LLC*, 151 So. 3d 52, 53 (Fla. 1st DCA 2014)).

The crux of the dispute is whether Trustee proved that it had standing when it first filed its foreclosure complaint. *See Schmidt v. Deutsche Bank*, 170 So. 3d 938, 940 (Fla. 5th DCA 2015) ("[T]he burden is on the party seeking foreclosure to prove by substantial competent evidence that it has standing." (citing *Boyd v. Wells Fargo Bank, N.A.*, 143 So. 3d 1128, 1129 (Fla. 4th DCA 2014))). To prove standing, a party must show that it is "(1) [t]he holder of the instrument; (2) [a] nonholder in possession of the instrument who has the rights of a holder; or (3) [a] person not in possession of the instrument who is entitled to enforce the instrument pursuant to s. 673.3091 or s. 673.4181(4)." *See* § 673.3011, Fla. Stat. (2008); *Deutsche Bank Nat'l Tr. Co. v. Marciano*, 190 So. 3d 166, 168 (Fla. 5th DCA 2016).

Trustee sought to establish its standing by showing that it was the holder of the note. Admittedly, Trustee was not the lender and thus was not the named payee on the promissory note at issue executed by Borrowers. However, approximately sixteen months after filing suit, Trustee filed the

3

original note, together with the original mortgage, in the court file. Attached to the note was an original document titled "Note Endorsements" that had two undated endorsements—one from the original lender to an entity named Residential Funding Company, LLC ("Residential Funding"), and the other from Residential Funding to Trustee. The note and the mortgage would later be admitted into evidence at trial. Resultingly, the endorsed note established that Trustee was the holder of the note at the time of trial. However, because a copy of the note with endorsements was not attached to its initial complaint, Trustee's task at trial was to prove by substantial competent evidence that it was also the holder of this note when it filed suit.

Trustee attempted to do so though the PSA. As correctly recognized by the trial court in its final judgment, a party's standing to foreclose can be shown through a PSA where the note is part of the trust established by the PSA prior to suit being filed. *See Marciano*, 190 So. 3d at 168; *Bolous v. U.S. Bank Nat'l Ass'n*, 210 So. 3d 691, 693–94 (Fla. 4th DCA 2016). Trustee was one of the parties that executed the subject PSA, as was Residential Funding, as the master servicer. The PSA was in existence and contained a closing date that predated the foreclosure complaint. Paragraph 2.01 of the PSA required that, concurrent with its execution, all mortgage loans be assigned and delivered to Trustee. The PSA also contained a Master Loan Schedule ("MLS") that, according to our record, suggested that Borrowers'

4

mortgage loan was one of the loans transferred and assigned into the trust established by the PSA.

When Trustee attempted to admit the PSA into evidence at trial, it was met with a hearsay objection and that Trustee had not established that this document was admissible under the business records exception to the hearsay rule, codified at section 90.803(6), Florida Statutes. The trial court sustained Borrowers' objection. Trustee then unsuccessfully sought to admit the PSA into evidence as a non-hearsay document, admissible for its independent legal significance. For the following reasons, we conclude that the trial court erred in again sustaining Borrowers' objection.[2]

This court has recognized that words of a contract are not hearsay because they characterize verbal acts and thus have independent legal significance. *See Deutsche Bank Nat'l Tr. Co. v. Alaqua Prop.*, 190 So. 3d 662, 665 (Fla. 5th DCA 2016); *see also A.J. v. State*, 677 So. 2d 935, 937 (Fla. 4th DCA 1996) ("Words of a contract, often characterized as verbal acts, are non hearsay because they have independent legal significance— the law attaches duties and liabilities to their utterance." (citing 2 McCormick

---

[2] Our review as to whether the challenged evidence constitutes hearsay is de novo. *See Deutsche Bank Nat'l Tr. Co. v. Sheward*, 245 So. 3d 890, 892 (Fla. 2d DCA 2018) ("[T]he question of whether evidence meets the statutory definition of hearsay is a matter of law and thus subject to de novo review." (citing *Burkey v. State*, 922 So. 2d 1033, 1035 (Fla. 4th DCA 2006))).

on Evidence § 249 (4th ed. 1992))); *Kepner-Tregoe, Inc. v. Leadership Software, Inc.*, 12 F.3d 527, 540 (5th Cir. 1994) ("Signed instruments such as wills, contracts, and promissory notes are writings that have independent legal significance, and are nonhearsay." (quoting Thomas A. Mauet, *Fundamentals of Trial Techniques* 180 (2d ed. 1988))).

In *Alaqua Property*, we held that a party seeking to admit a promissory note into evidence at trial need not establish that the note is admissible under the business records exception to the hearsay rule because the note is not hearsay but instead is admissible for its independent legal significance. 190 So. 3d at 665. The Fourth District Court has separately determined that an assignment of mortgage is admissible into evidence for its independent legal significance as a verbal act, *Holt v. Calchas, LLC*, 155 So. 3d 499, 502 n.2 (Fla. 4th DCA 2015), as is a mortgage modification agreement. *Citigroup Mortg. Loan Tr. Inc. v. Scialabba*, 238 So. 3d 317, 320 (Fla. 4th DCA 2018) (citing *Alaqua Prop.*, 190 So. 3d at 665; *Holt*, 155 So. 3d at 502 n.2). We hold today that the PSA in this case was similarly admissible for its independent legal significance and that the trial court erred in excluding its admissibility based on the hearsay objection raised by Borrowers. *See Bigsby v. Barclays Cap. Real Est., Inc.*, 298 F. Supp. 3d 708, 718 n.2 (S.D.N.Y. 2018) ("The hearsay argument would also be incorrect because the PSAs, like other contracts, have evidentiary significance by virtue of their

6

binding effect and not because of the truth of what they say." (citation omitted)).

In its final judgment, the trial court found that Trustee's witness was not able to authenticate the PSA and thus it was not admitted into evidence. Admittedly, while authentication is a prerequisite to the admissibility of a PSA, Borrowers' counsel did not object to its admissibility on this ground; thus, Borrowers waived this objection. *See Johnston v. Hudlett*, 32 So. 3d 700, 704 (Fla. 4th DCA 2010) (holding that an objection to the authenticity of a loan document was waived due to the lack of contemporaneous objection). Additionally, when sustaining the objection, the trial court did not indicate that the PSA was also being excluded because it was not authenticated. We therefore conclude that, under these circumstances, the trial court erred in its final judgment that the PSA was not admissible due to the lack of authentication by Trustee's witness. *See Bank of N.Y. Mellon v. Barber*, 295 So. 3d 1223, 1225 (Fla. 1st DCA 2020) (noting that a court is not authorized to raise a legal issue sua sponte and errs when ruling on the basis of an argument never raised by the defendants).

Accordingly, the final judgment is reversed, and the matter is remanded to the trial court for further proceedings.

REVERSED and REMANDED.

EVANDER and EDWARDS, JJ., concur.