IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

OTTO P. DEVRIES AND BRIGITTE
YOUNG DEVRIES,

      Appellants,

v.                                    Case No. 5D14-1887

CITIMORTGAGE INC, ET AL.,

      Appellees.

_____/

Opinion filed March 24, 2016

Appeal from the Circuit Court
for Orange County,
Lawrence Kirkwood, Senior
Judge.

Peter Ticktin, Kendrick Almaguer and
Michael S. Wickenhauser, of The Ticktin
Law Group, P.A., Deerfield Beach, for
Appellants.

Nancy M. Wallace and Kristen M. Fiore, of
Akerman LLP, Tallahassee, and William P.
Heller, of Akerman LLP, Fort Lauderdale,
for Appellees.


PALMER, J.

      Otto and Brigitte Devries, the homeowners, timely appeal the final judgment of

foreclosure entered by the trial court in favor of CitiMortgage. Determining that

CitiMortgage failed to prove its standing to foreclose, we reverse.

The proper party entitled to enforce a note and foreclose a mortgage is the holder of the note, a nonholder in possession who has the rights of a holder, or a person not in possession of a lost instrument who has the right to re-establish the note pursuant to section 673.3091, Florida Statutes (2009). Gorel v. Bank of New York Mellon, 165 So. 3d 44, 46 (Fla. 5th DCA 2015).

CitiMortgage filed this foreclosure suit in 2010, alleging its standing based on its status as holder of the note, yet the note attached to the complaint contained a special indorsement in favor of Standard Federal Bank. At trial, CitiMortgage introduced the original note into evidence which contained an additional indorsement: a special indorsement in its favor. CitiMortgage also introduced a backdated assignment of the note and mortgage. CitiMortgage's witness testified that the bank's records showed that the original note was received by transfer in 2007. The witness did not testify that the indorsements or assignment predated the filing of the complaint. The homeowners argue that the evidence at trial was insufficient to establish that CitiMortgage had standing to foreclose the mortgage at the time the complaint was filed. We agree

First, CitiMortgage presented no evidence that the special indorsement in its favor predated the filing of the complaint. See Eagles Master Ass'n, Inc. v. Bank of Am., N.A., 40 Fla. L. Weekly D1510 (Fla. 2d DCA June 26, 2015) ("The endorsement must have occurred before the filing of the complaint because it is axiomatic that standing must be shown as of the filing of the complaint.").

Second, CitiMortgage's witness did not testify that the assignment occurred before the complaint was filed. See Lloyd v. Bank of New York Mellon, 160 So. 3d 513,

515 (Fla. 4th DCA 2015) (holding that the bank did not establish standing on basis of backdated assignment where the bank's witness did not testify that assignment predated filing of complaint); see also Matthews v. Fed. Nat'l Mortg. Ass'n, 160 So. 3d 131, 133 (Fla. 4th DCA 2015) ("[A] backdated assignment, standing alone, [does not] establish standing.").

While CitiMortgage contends that the date the assignment was executed was not determinative because it was simply memorializing an earlier transfer, CitiMortgage presented no evidence in support of this contention, such as evidence that the note and mortgage were delivered to CitiMortgage in 2007 with the intention of passing title. See generally Jarvis v. Deutsche Bank Nat'l Trust Co., 169 So. 3d 194, 196 (Fla. 4th DCA 2015) (stating that possession of instrument alone is an insufficient basis to prove standing to foreclose); St. Clair v. U.S. Bank Nat'l Ass'n, 173 So. 3d 1045, 1046 (Fla. 4th DCA 2015) (same).

REVERSED and REMANDED for entry of an involuntary dismissal.

SAWAYA and TORPY, JJ., concur.