IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

KAJAINE ESTATES, LLC,

       Appellant,

 v.

US BANK NATIONAL ASS'N AND
DAVID WILLIAMS,

       Appellees.

_____/

Case No. 5D15-1892

Opinion filed August 12, 2016

Appeal from the Circuit Court
for St. Johns County,
Arthur W. Nichols, III, Senior Judge.

James J. Dougherty, of Law Office of Paul
A. Krasker, P.A., West Palm Beach, for
Appellant.

James Russell Collins and Vincent L.
Sullivan, of Rusty Law, LLC, St. Augustine,
for Appellee.

PER CURIAM.

The issue presented is whether a party that purchased a note from a plaintiff that

unsuccessfully attempted to foreclose on the note is entitled to recover the original note

from the court file. U.S. Bank National Association ("U.S. Bank") brought the initial

foreclosure action in this case. Prior to trial, U.S. Bank substituted Kondaur Capital

Corporation ("Kondaur") as party plaintiff, alleging that U.S. Bank had assigned Kondaur

its right to enforce the note.

The trial court determined that Kondaur's witness was not qualified to testify regarding the note's history nor to establish the foundation to admit documents, apparently prepared by U.S. Bank, under the business records exception to hearsay. The trial court therefore ruled that Kondaur failed to establish U.S. Bank's standing at the inception of the foreclosure action and entered judgment in favor of Williams, the homeowner. Kondaur did not appeal.

Subsequently, Kajaine Estates, LLC, ("Kajaine") requested release of the original documents from the foreclosure proceeding, attaching an assignment, dated after the final judgment, purporting to assign the mortgage and note from Kondaur to Kajaine. Williams took the position that, because the trial court had already determined Kondaur had not established standing to enforce the note, Kondaur could not thereafter sell the note to Kajaine. The trial court apparently agreed and refused to release the original note to Kajaine. We reverse.

The issue of whether Kondaur could establish standing to foreclose is distinct from whether it owned the note. See, e.g., Devries v. CitiMortgage Inc., 188 So. 3d 909, 910 (Fla. 5th DCA 2016). Kondaur had a valid assignment but could not establish that U.S. Bank's ownership predated the filing of the foreclosure action. See id. (noting that standing must be shown as of the date complaint was filed). That does not mean U.S. Bank did not own the note and could not validly assign its interest to Kondaur. The original judgment did not prohibit Kondaur from pursuing foreclosure if Williams continued to fail to make payments on the mortgage. Nor did it prohibit Kondaur's assignee from seeking enforcement of the note going forward. Kajaine demonstrated a claim to ownership of the

2

note as of the date of the hearing. Whether Kajaine could properly seek enforcement of the note was not relevant to the trial court's consideration.

REVERSED AND REMANDED.

COHEN and LAMBERT, JJ., and LEMONIDIS, R., Associate Judge, concur.