ON MOTION FOR REHEARING

PER CURIAM.
, Upon , review .of the appellant’s motion and the appellees’ response, we grant the *832 motion for rehearing, withdraw our previously issued opinion, and reverse and remand for entry of a judgment of foreclosure.
The appellant brought the underlying mortgage foreclosure suit in 2008, proceeding as the holder of the note. A copy of the note was not attached to the complaint. At trial, as evidence of its standing, the appellant relied in part on a pooling and servicing agreement (“the PSA”) and the undated original note, which was produced before trial and contained an endorsement in blank by the lender. The PSA identifies the appellant as the trustee, and contains language indicating that the note. endorsed in blank was transferred into the trust:
(a) In connection with the transfer and assignment of each Mortgage Loan, the Depositor has delivered or caused to be delivered to the Trustee or the Trust Administrator or its designee, as applicable, for the benefit of the Certifieateholders, the following documents or instruments with respect to each Mortgage Loan so assigned:
(i) the original Mortgage Note bearing all intervening endorsements showing a complete chain of endorsement from the originator to the last endorsee, endorsed “Pay to the order of-, without recourse” and signed ... in the name of the last endorsee by an authorized officer.
The appellant’s witness testified that the closing date of the PSA was September 7, 2006 and that the trust contains the subject loan. The PSA provides that the closing date is September 7, 2006.
We find that under these circumstances, the PSA coupled with the note endorsed in blank by the lender constituted sufficient evidence of the appellant’s standing at the inception’ of the suit. See Bolous v. U.S. Bank Nat'l Ass’n, 210 So.3d 691, 694 (Fla. 4th DCA 2016).
After trial, the court found in favor of appellees and dismissed the case based on a perceived conflict in the evidence. The court focused on an assignment of mortgage which was executed after suit was brought. We disagree that the assignment conflicted with evidence of the transfer of the note into the trust in 2006. See McLean v. JP Morgan Chase Bank Nat’l Ass’n, 79 So.3d 170, 174 (Fla. 4th DCA 2012) (recognizing that a post-complaint assignment of mortgage does not negate the possibility that a plaintiff can otherwise establish its standing at inception of the suit).

Reversed and remanded for entry of judgment of foreclosure.

CIKLIN; C. J„ MAY and DAMOORGIAN, JJ., concur.