IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

KRISHNA KUMAR AND ANUPAMA KUMAR,

      Appellants,

 v.                                                                          Case No.  5D16-2889

U.S. BANK, N.A., SUCCESSOR TRUSTEE
TO BANK OF AMERICA, NA, SUCCESSOR
IN INTEREST TO LASALLE BANK, NA AS
TRUSTEE ON BEHALF OF THE HOLDERS
OF THE WASHINGTON MUTUAL MORTGAGE,
ETC., ET AL.,

      Appellees.

_____/

Opinion filed July 7, 2017

Appeal from the Circuit Court
for Seminole County,
Robert J. Pleus, Jr., Senior Judge.

Kelley A. Bosecker, St. Petersburg,
for Appellants.

Kristen M. Crescenti and Allison Morat,
of Pearson Bitman LLP, Maitland,
for Appellee, U.S. Bank, N.A., Successor
Trustee to Bank of America, NA, Successor
in Interest to LaSalle Bank, NA, as Trustee
on Behalf of the Holders of the Washington
Mutual Mortgage, Etc..

No Appearance for other Appellees.

ORFINGER, J.

Krishna and Anupama Kumar appeal a final judgment of foreclosure entered in favor of U.S. Bank, N.A., successor in interest to LaSalle Bank, N.A., as trustee for the holders of the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2007-2 (collectively, "the Trustee"), after a bench trial. Because we find that the Trustee failed to prove it had standing at the inception of the foreclosure action, we reverse.[1]

The Kumars executed a promissory note in favor of Amnet Mortgage, Inc., d/b/a American Mortgage Network of Florida, secured by a mortgage. After the Kumars defaulted on the loan, the Trustee filed a two-count complaint seeking to reestablish the note and foreclose the mortgage. The Trustee did not attach a copy of the note to the complaint, but alleged that it was the "owner of said note," although it no longer physically possessed the note, which was lost. The Kumars answered and raised various affirmative defenses, including the defense that the Trustee lacked standing to foreclose. Several years later, the Trustee filed the original note with an attached allonge containing an undated indorsement from Amnet to Washington Mutual. At the subsequent bench trial, a representative of the Trustee's current loan servicer admitted that she did not know when the undated indorsement was placed on the note. Nor did the Trustee present testimony from any other witnesses or any evidence as to the date of the indorsement.

A party suing to foreclose a mortgage must establish that it has standing at the time the complaint is filed. Corrigan v. Bank of Am., N.A., 189 So. 3d 187, 189 (Fla. 2d DCA 2016) (en banc). The Trustee asserted in its complaint and at the bench trial that it was the owner and holder of the note. To be a holder, the instrument must be payable to the person in possession or indorsed in blank. See § 671.201(5), (21), Fla. Stat. (2009).

---

[1] The remaining issues asserted by the Kumars lack merit.

2

"If the note does not name the plaintiff as the payee, the note must bear a special [i]ndorsement in favor of the plaintiff or a blank [i]ndorsement." McLean v. JP Morgan Chase Bank Nat'l Ass'n, 79 So. 3d 170, 173 (Fla. 4th DCA 2012). When a plaintiff asserts standing based on an undated indorsement of the note, it must demonstrate that the indorsement occurred before the complaint was filed through additional evidence. Lloyd v. Bank of N.Y. Mellon, 160 So. 3d 513, 515 (Fla. 4th DCA 2015).

Here, although the Trustee eventually filed the original note with the court, the attached allonge indorsing the note to Washington Mutual was undated and the Trustee did not provide any evidence indicating when the special indorsement was placed on the note. As such, the Trustee failed to show it had standing to foreclose at the inception of the lawsuit.[2] See Schmidt v. Deutsche Bank, 170 So. 3d 938, 941 (Fla. 5th DCA 2015)

---

[2] On appeal, the Trustee claims that it established standing as a nonholder in possession with the rights of a holder. However, the Trustee never pleaded this position, and it was not tried by consent. Therefore, it cannot be used as a basis to establish standing to enforce the note at the inception of the foreclosure action. See Gordon v. Gordon, 543 So. 2d 428, 429 (Fla. 2d DCA 1989). Were we to consider the merits of this position, the Trustee did not establish its standing as a nonholder in possession. "A nonholder in possession may prove its right to enforce the note through: (1) evidence of an effective transfer; (2) proof of purchase of the debt; or (3) evidence of a valid assignment." Bank of N.Y. Mellon Tr. Co., N.A. v. Conley, 188 So. 3d 884, 885 (Fla. 4th DCA 2016). Here, the Trustee presented the original note with the undated allonge, a pooling and servicing agreement ("PSA") with a March 1, 2007, cut-off date, and Ms. Holmes's testimony that the Kumars' loan was purchased and placed in the trust by March 28, 2007, to support its position that it had sufficiently established its standing as a nonholder in possession at the inception of the foreclosure lawsuit in February 2009. However, there was no evidence the loan was actually transferred into the trust at that time. Ms. Holmes admitted that she did not witness the transfer of the note to the trust prior to the closing date. While Ms. Holmes testified that the loan was included on the mortgage loan schedule ("MLS"), and therefore, was part of the loans transferred under the PSA to the trust, she did not identify the Kumars' loan in the MLS. Further, there is no specific reference to the Kumars' loan in the PSA nor does the MLS in the record include the Kumars' loan number. Hence, the Trustee did not prove standing as a nonholder in possession through the PSA.

(holding that trustee failed to prove it was holder of note and allonge at time it filed foreclosure complaint to establish standing where original complaint included count to reestablish lost note that specifically alleged trustee did not physically possess note, and trustee's only witness had no personal knowledge as to when trustee came into possession of note and allonge); Wright v. Deutsche Bank Nat'l Tr. Co., 152 So. 3d 1289, 1289 (Fla. 4th DCA 2015) (holding that bank did not establish standing at time it filed complaint as copy of note attached to complaint listed different bank as lender, original note introduced into evidence contained indorsement to bank but witness did not know when undated indorsement was placed on note, and no other evidence was presented as to date of indorsement); McLean, 79 So. 3d at 174 (finding that there was insufficient evidence to establish standing when original note, submitted after bank filed its foreclosure complaint, contained undated special indorsement).

Because the Trustee failed to establish standing at the time the complaint was filed, we reverse and remand for entry of an order of involuntary dismissal.  See May v. PHH Mortg. Corp., 150 So. 3d 247, 249 (Fla. 2d DCA 2014) (reversing final judgment and finding that bank's failure to prove prima facie case warranted dismissal, as "none of the evidence adduced at trial demonstrated when, if at all, the bank came into possession of the note").

REVERSED AND REMANDED with instructions.

COHEN, C.J. and WALLIS, JJ., concur.

4