LAMBERT, J.
Eric Santiago petitions this court to issue a writ of prohibition to prevent the trial court from holding a hearing on Respondent's, U.S. Bank National Association as Trustee for Banc of America Funding Corporation Mortgage Pass-Thru Certificates, Series 2007-B ("U.S. Bank"), motion for release of the original promissory note and mortgage from the court file of the recently-dismissed foreclosure action involving these parties. Santiago asserts that the Notice of Voluntary Dismissal filed by U.S. Bank, pursuant to Florida Rule of Civil Procedure 1.420(a), divested the trial court of any further jurisdiction to consider the motion and that if U.S. Bank desires to recover these original documents from the court file, it must file a new and separate lawsuit for "declaratory relief." For the following reasons, we disagree and, therefore, deny the petition.
Santiago is the sole signator of the promissory note at issue. Bank of America was the original lender. In August 2009, Bank of America sued Santiago to foreclose on the mortgage that secured the indebtedness evidenced by this note. Four months later, Bank of America filed the original note and mortgage in the court file. The note, ironically, contained a sole, undated, specific indorsement to the present respondent, U.S. Bank. In September 2011, Santiago and Bank of America settled their litigation and the action was dismissed. The original note and mortgage remained in that court file.
In October 2017, U.S. Bank filed the underlying foreclosure action seeking to foreclose on the same note and mortgage that was the subject of the 2009 case. U.S. Bank alleged that it held the note and mortgage and that Santiago had defaulted on his payment obligations under this loan on December 1, 2012, and all subsequent payments. U.S. Bank attached a copy of the note, containing the same and sole indorsement, and a copy of the mortgage to its complaint. Additionally, U.S. Bank filed a certification pursuant to section 702.015(4), Florida Statutes (2017), that the original note was located "at the *1147 Orange County Courthouse [in the 2009 court file], on behalf of [U.S. Bank]." U.S. Bank thereafter filed a motion in this case to direct the clerk of court to transfer the original note and mortgage from the 2009 case file to the 2017 case file. The trial court granted the motion, and the clerk transferred these original documents.
On February 26, 2018, U.S. Bank filed a notice with the clerk of court that it was voluntarily dismissing the underlying foreclosure action without prejudice "due to a settlement" and cancelling the notice of lis pendens previously recorded on the subject mortgaged property. U.S. Bank then moved for a court order directing the clerk of court to release the original note and mortgage to it. Santiago objected, and the trial court scheduled a hearing on the motion. Santiago filed the instant petition to prohibit the trial court from conducting this hearing.
"Prohibition is an extraordinary writ, a prerogative writ, extremely narrow in scope and operation, by which a superior court, having appellate and supervisory jurisdiction over an inferior court or tribunal possessing judicial or quasi-judicial power, may prevent such inferior court or tribunal from exceeding jurisdiction or usurping jurisdiction over matters not within its jurisdiction." English v. McCrary , 348 So.2d 293, 296 (Fla. 1977). Santiago argues that pursuant to Pino v. Bank of New York , 121 So.3d 23 (Fla. 2013), and Randle-Eastern Ambulance Service, Inc. v. Vasta , 360 So.2d 68 (Fla. 1978), once U.S. Bank filed its Notice of Voluntary Dismissal, the trial court lost jurisdiction in that case to consider the motion for release of records. See also Katke v. Bersche , 161 So.3d 574, 576 (Fla. 5th DCA 2014) ("In a matter where the court loses 'case' jurisdiction, a writ of prohibition is the proper claim for relief.").
Santiago's reliance upon Pino and Randle-Eastern is misplaced because those decisions each addressed the trial court's authority to grant substantive relief in an action after a plaintiff files a voluntary dismissal. See Pino , 121 So.3d at 32 ("The voluntary dismissal serves to terminate the litigation, to instantaneously divest the court of its jurisdiction to enter or entertain further orders that would otherwise dispose of the case on the merits, and to preclude revival of the original action."); Randle-E. , 360 So.2d at 69 (holding that a voluntary dismissal divests the trial court of jurisdiction to "adjudicate the cause" and, therefore, to "reinstate a dismissed proceeding"). Here, U.S. Bank is not seeking to revive its foreclosure action, nor is it asking the trial court to grant it substantive relief.
Whether a party is entitled to foreclose the note and mortgage is not relevant to its right to have the note released from the court records. See Kajaine Estates, LLC, v. U.S. Bank Nat'l Ass'n , 198 So.3d 1010, 1011 (Fla. 5th DCA 2016) (reversing trial court's refusal to release original note to plaintiff who had previously failed to establish at trial predecessor's standing at the inception of suit and recognizing that a person's ability to enforce the note was "not relevant" to the trial court's determination of whether the person claiming ownership of the note had the right to have the note released from the trial court records). Recently, the Fourth District Court reversed a trial court's order denying a plaintiff's motion for return of an original promissory note and mortgage after the underlying foreclosure action was dismissed for lack of prosecution, reasoning that there is no legal basis to prevent the return of an original note that was not cancelled by the entry of a judgment. U.S. Bank Nat'l Ass'n v. Rodriguez , 43 Fla. L. Weekly D2172 (Fla. 4th DCA Sept. 20, 2018). It also noted that Florida Rule of Judicial Administration 2.430(f)-(h)
*1148 recognizes the power of the courts to release exhibits or other parts of court records that are the property of the party placing the items in the court records and establishes procedures for the return and disposal of original exhibits and court records. Id.
In the present case, U.S. Bank caused the original note and mortgage to be placed in the 2017 court file. It represented in its recently-filed notice of dismissal that it had settled the present foreclosure suit against Santiago. We conclude that a separate lawsuit is not required for U.S. Bank to seek the release of these documents.
PETITION FOR WRIT OF PROHIBITION DENIED.
TORPY and HARRIS, JJ., concur.