DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**THE BANK OF NEW YORK MELLON,**
Appellant/Cross-Appellee,

v.

**PAULA E. COHEN** a/k/a **PAULA LAWLER,**
Appellee/Cross-Appellant.

No. 4D2023-2793

[June 4, 2025]

Appeal and cross-appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Christopher W. Pole, Senior Judge; L.T. Case No. CACE07001053.

Nancy M. Wallace of Akerman LLP, Tallahassee, William P. Heller and Marc J. Gottlieb of Akerman LLP, Fort Lauderdale, and Kimberly De La Cruz of Akerman LLP, Miami, for appellant/cross-appellee.

Adam J. Richardson of Burlington & Rockenbach, P.A., West Palm Beach, and James A. Bonfiglio of the Law Offices of James A. Bonfiglio, P.A., Boynton Beach, for appellee/cross-appellant Paula Cohen.

GERBER, J.

In this foreclosure case, the bank appeals from the circuit court's final order granting the borrower's involuntary dismissal motion based on the bank's alleged lack of standing. The borrower cross-appeals from the circuit court having overruled the borrower's objections to the bank's loan servicer laying the foundation for the admission of business records substantiating the bank's standing. On the bank's appeal, we reverse the final order and remand for the circuit court to conduct a new trial, for the reasons discussed below. On the borrower's cross-appeal, we affirm without further discussion.

### *Procedural History*

The bank filed a foreclosure action against the borrower. The bank did not attach a copy of the original note to its complaint. Instead, the bank included a second count to reestablish the lost note.

After the bank had filed the foreclosure action, the bank located and filed the original note containing an undated blank endorsement. The bank voluntarily dismissed its count to reestablish the lost note.

At the non-jury trial, the bank conceded it could not prove the note had been endorsed in blank before the case's inception. Instead, to establish standing, the bank presented its loan servicer's testimony to prove the bank had owned the loan before the case's inception. The loan servicer testified that, according to the bank's business records, the bank, in 2005, had acquired the borrower's loan through a pooling and servicing agreement, to which was attached a mortgage loan schedule identifying the borrower's loan as being included in the acquisition. The borrower objected that the loan servicer lacked personal knowledge to lay the foundation for admitting the bank's business records into evidence. The circuit court overruled the borrower's objections and admitted the bank's business records into evidence.

When the bank rested, the borrower orally moved for an involuntary dismissal under Florida Rule of Civil Procedure 1.420(b). The borrower argued the bank had failed to prove it had possessed the note at the case's inception to establish standing. The bank responded its loan servicer's testimony had proven the bank had owned the loan before the case's inception to establish standing. The borrower replied that, even if the bank had acquired the loan before the case's inception, the bank also needed to prove it had possessed the note at the case's inception to establish standing.

In support, the borrower relied on *Kumar v. U.S. Bank, N.A.*, 225 So. 3d 888 (Fla. 5th DCA 2017), for the proposition that a bank's reliance on a pooling and servicing agreement was insufficient to prove standing where the bank did not also possess the original note at the case's inception. The bank responded that *Kumar* was not specific regarding the evidence upon which the *Kumar* plaintiff had relied to assert ownership. Instead, the bank argued: "All [*Kumar*] really says is … the plaintiff can't rely on holder status because … it's unclear … whether that endorsement in blank was present at the time the complaint was filed. That's not our case."

The circuit court orally granted the borrower's motion for involuntary dismissal, reasoning *Kumar* was "right on point." The circuit court later entered a written order stating it had granted the borrower's involuntary dismissal motion based on *Kumar*.

2

The bank timely filed a motion for rehearing to more specifically articulate why *Kumar* was distinguishable. The bank argued that the *Kumar* plaintiff had failed to present evidence that the subject loan had been transferred to the plaintiff before the case's inception. In the instant case, however, the bank argued its loan servicer had testified the borrower's loan had been transferred to the bank before the case's inception, as identified in the mortgage loan schedule attached to the pooling and servicing agreement admitted into evidence.

The circuit court entered an order summarily denying the bank's motion for rehearing. This appeal followed.

### *Our Review*

The bank argues the circuit court misplaced its reliance on *Kumar* as the basis to grant the borrower's involuntary dismissal motion. According to the bank, "*Kumar* is easily distinguished and does not support the overbroad proposition that [pooling and servicing agreements] and [mortgage loan schedules] are insufficient to prove standing at case inception." Instead, the bank argues, our precedent has established that pooling and servicing agreements and mortgage loan schedules— supported by competent testimony identifying the subject loan as being included in the mortgage loan schedule before a case's inception—are sufficient to prove standing at a case's inception.

Applying de novo review, and viewing the evidence in the light most favorable to the bank as the nonmoving party, we agree with the bank's argument that reversal is required. *See Wilmington Sav. Fund Soc'y, FSB v. Stevens*, 290 So. 3d 115, 117 (Fla. 4th DCA 2020) ("A *de novo* standard of review applies when reviewing whether a party has standing to bring an action. The standard of review for a motion for involuntary dismissal is also de novo.") (internal quotation marks, brackets, and citation omitted); *Deutsche Bank Nat'l Tr. Co. v. Huber*, 137 So. 3d 562, 563-64 (Fla. 4th DCA 2014) ("[When a motion for involuntary dismissal is granted by the trial court, an appellate court] must view the evidence and all inferences of fact in a light most favorable to the nonmoving party, and can affirm [an involuntary dismissal] only where no proper view of the evidence could sustain a verdict in favor of the nonmoving party.") (internal quotation marks and citation omitted).

This case is on point with *Bolous v. U.S. Bank, National Association*, 210 So. 3d 691 (Fla. 4th DCA 2016). In *Bolous*, the bank filed a foreclosure complaint alleging it owned and held the note and mortgage. *Id.* at 692. The bank later amended the complaint to allege it was the holder of the

note and entitled to enforce the note because it possessed the blank-endorsed note. *Id.* An allonge, with the original lender's undated blank endorsement, was attached to the amended complaint. *Id.* The servicer's loan analyst testified that the note had moved from the bank to the trust in 2005. *Id.* The analyst also identified the pooling and servicing agreement and mortgage loan schedule, testifying the mortgage loan schedule attached to the pooling and servicing agreement included the borrower's loan. *Id.* at 692–93.

Even though "the note attached to the original complaint was not endorsed, the later-filed blank-endorsed allonge was undated, and the bank's witness did not know when the allonge was created," *id.* at 693, we held that the bank's evidence was sufficient to establish standing because "the pooling and servicing agreement's terms, along with its corresponding mortgage loan schedule and the other evidence presented through the analyst ... demonstrate[d] that the bank was the owner or holder of the note at the time it filed the original complaint." *Id.* at 695. We did not rely exclusively on the pooling and servicing agreement, but we accepted the bank's use of that document, together with other evidence, to prove standing. *See id.* at 692–93.

That is what occurred in this case. Here, the bank's loan servicer testified that, according to the bank's business records, the bank, in 2005, had acquired the borrower's loan through a pooling and servicing agreement, to which was attached a mortgage loan schedule identifying the borrower's loan as being included in the acquisition. This was sufficient to establish the bank's standing at the case's inception. *See also HSBC Bank USA, N.A. v. Alejandre,* 219 So. 3d 831, 832 (Fla. 4th DCA 2017) (following *Bolous*); *Bank of N.Y. v. Calloway,* 300 So. 3d 220, 223-24 (Fla. 4th DCA 2020) (same).

Contrary to the borrower's argument to the circuit court, the bank did not need to prove that, at the case's inception, it both owned the loan and held the note to have standing to foreclose. *See Tilus v. AS Michai LLC,* 161 So. 3d 1284, 1286 (Fla. 4th DCA 2015) ("[U]nder the Uniform Commercial Code, a plaintiff is not required to be *both* the owner and holder of the note in order to have standing to foreclose.").

Further, the borrower misplaced her reliance on *Kumar* as the basis for her involuntary dismissal motion. In *Kumar,* while the plaintiff's witness testified that the subject loan was included on the mortgage loan schedule, and therefore was part of the loans transferred under the pooling and servicing agreement, the witness could not identify the subject loan in the mortgage loan schedule. 225 So. 3d at 890 n.2. Hence, our sister court

4

held the plaintiff did not prove standing.  *Id.*  Here, however, the bank's witness was able to identify the borrower's loan in the mortgage loan schedule.  Hence, the bank here proved standing.

The bank concedes that if we were to reverse the circuit court's final order, the bank is not yet entitled to a foreclosure judgment in its favor, but only a new trial, because the circuit court had granted the borrower's involuntary dismissal motion before the borrower had presented her case-in-chief.  The borrower agrees that would be the proper remedy in the event of reversal.  We also agree that is the proper remedy.

Based on the foregoing, we reverse the final order granting the borrower's involuntary dismissal motion.  We remand for the circuit court to conduct a new trial.  As stated above, on the borrower's cross-appeal, we affirm without further discussion.

*Reversed and remanded on main appeal; affirmed on cross-appeal.*

GROSS and CIKLIN, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**